UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00045-MR

| MARCUS ANTOINE WILSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| CLEVELAND COUNTY DETENTION CENTER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, [Doc. 1], and Plaintiff's "Pro Se Motion for Order to Legal Action of Lawsuit on Cleveland County Detention Center" [Doc. 8]. Plaintiff is proceeding in forma pauperis. [Docs. 3, 13].

**I.   BACKGROUND**

Pro se Plaintiff Marcus Antoine Wilson ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Harnett Correctional Institution in Lillington, North Carolina. Plaintiff filed this action on February 11, 2020, pursuant to 42 U.S.C. § 1983, related to events occurring while he was a pre-trial detainee at the Cleveland County Detention Center in Shelby, North Carolina. Plaintiff names as Defendants: (1) the Cleveland County

Detention Center ("Detention Center"); (2) FNU Briscoe, identified as a Major at the Detention Center; (3) FNU Bumgardner, identified as a Grievance Officer at the Detention Center; and (4) "Staff members," not otherwise identified by Plaintiff. [Doc. 1 at 1, 3].

Plaintiff claims that his rights under the Eighth Amendment to the U.S. Constitution were violated when, in May of 2019, he was transferred from the Detention Center to Central Prison in Raleigh, North Carolina, and his personal belongings were retained by the Detention Center. Plaintiff alleges that when he requested the return of his things, he was told that he would "be returning back soon." [Id. at 5]. Plaintiff further alleges that after a few months, he returned to the Detention Center and the staff told Plaintiff they could not locate his belongings. [Id.]. Plaintiff claims that he lost his LeBron James shoes, designer clothes, diamond earrings, a bookbag, tools, and his North Carolina I.D. [Id. at 7]. Plaintiff alleges that he has suffered depression and stress as a result of the loss of his personal belongings. [Id. at 8].

For Relief, Plaintiff seeks monetary damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which

relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Plaintiff claims that his rights under the Eight Amendment were violated by the alleged conduct. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions

3

may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997).

Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not stated a claim under § 1983 for violation of the Eighth Amendment. Plaintiff's claim that his personal property was not returned to him simply does not fall within the protections of the Eighth Amendment.

To the extent the Plaintiff sought to claim violation of his due process rights, his claim fails because he has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property.").

In sum, Plaintiff has no right to relief under 42 U.S.C. § 1983.[1] This

---

[1] The Court notes that Plaintiff's Complaint suffers from several other deficiencies as well. Defendant Cleveland Count Detention Center is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Further, Plaintiff has not alleged any particular conduct by any particular Defendant he names. Finally, it appears that Defendant Briscoe is named only in his supervisory capacity. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that

Court is without jurisdiction to redress the alleged wrong.

Finally, the Court will deny Plaintiff's "Pro Se Motion for Order to Legal Action" [Doc. 8] as moot. This motion is essentially a recapitulation of Plaintiff's Complaint, presumably seeking to prompt the Court to act thereon.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 8] is **DENIED** as moot.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 8, 2020



Martin Reidinger
Chief United States District Judge

---

liability under § 1983 is personal in nature, and the doctrine of respondeat superior does not apply).